1  ANDREW C. GREEN, ESQ.
   Nevada Bar No. 9399
2  KOELLER NEBEKER CARLSON & HALUCK, LLP
   300 S. 4th St., Suite 500
3  Las Vegas, NV 89101
   Phone: (702) 853-5500
4  Fax: (702) 853-5599
   *Andrew.green@knchlaw.com*
5  Attorneys for Plaintiff,
   NATIONAL UNION FIRE INSURANCE
6  COMPANY OF PITTSBURGH, Pa.

7                     **UNITED STATES DISTRICT COURT**

8                            **DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa., as assignee and subrogee of Eleanor Holdings, Inc. and AutoSource Motors LLC,<br><br>                    Plaintiff,<br>v.<br><br>TYRONE WILLIAMS, JAIDE JETER, NATASHA SHELTON, AUNDREA SCOTT, JUST J CUSTOMS, LLC, DP MOTOR-CARS, LLC, DEDICATED PARTS, LLC and DEDICATED PARTS GROUP, LLC,<br><br>                    Defendants. | CASE NO.: 2:22-cv-00382-CDS-VCF<br><br>**WRIT OF GARNISHMENT** |

**THE UNITED STATES MARSHAL FOR THE DISTRICT OF NEVADA TO: America First Credit Union, 3310 E. Flamingo Road, Las Vegas, Nevada 89121, Garnishee, with service to effectuate garnishment upon any one of the vice president, assistant vice president, assistant cashier, manager or other managing officer in charge of the branch, at any branch such as is located at 3310 East Flamingo Road, Las Vegas, Nevada, 89121.**

You are hereby notified that you are attached as garnishee in the above-entitled action and you are commanded not to pay any debt from yourself to Natasha Shelton, Defendant, or to any others on her behalf, and that you must retain possession and control of all personal property, money, credits, debts, accounts, balances, effects and choses in action of said Defendant in order that the same may be dealt with according to law. Plaintiff believes you have property, money, credits, accounts, debts, effects and choses in action in your hands and under your custody and control belonging to said Defendant described as:

**All monies due to Natasha Shelton for all accounts, credits, debits, balances and the like, or other compensation, whether to be paid directly or indirectly to Natasha Shelton, or a third-party entity on Defendant's behalf.**

**YOU ARE REQUIRED** within 20 days from the date of service of this Writ of Garnishment to answer the Interrogatories set forth herein and to return your answers to the office of the U.S. Marshal which has issued the Writ of Garnishment. In case of your failure to answer the Interrogatories within 20 days, a Judgment by Default in the amount due the Plaintiff may be entered against you. This amount totals $$1,861,929.38.

**IF YOUR ANSWERS TO** the Interrogatories indicate that you are the employer of the Defendant, this Writ of Garnishment shall be deemed to **CONTINUE FOR 180 DAYS** or until the amount demanded in the attached Writ of Execution is satisfied.

**IF YOUR ANSWERS TO** the Interrogatories indicate that you are the employer of the Defendant **YOU ARE FURTHER DIRECTED** to forward **all** disposable earnings due to the Defendant each payday in the future, **UP TO 180 DAYS,** less any amount which is not exempt and less than $3.00 per pay period not to exceed $12.00 per month which you may retain as a fee for compliance. The $3.00 fee does not apply to the first pay period covered by this Writ. **IF YOUR ANSWERS TO** the Interrogatories indicate that you are the employer of the Defendant, pursuant to NRS 31.295, the disposable earnings due to the Defendant subject to this writ of garnishment may not exceed:

(a) Eighteen percent of the person's disposable earnings for the relevant workweek if the person's gross weekly salary or wage on the date the most recent writ of garnishment was issued was $770 or less;

(b) Twenty-five percent of the person's disposable earnings for the relevant workweek if the person's gross weekly salary or wage on the date the most recent writ of garnishment was issued exceeded $770; or

(c) The amount by which the person's disposable earnings for that week exceed 50 times the federal minimum hourly wage prescribed by section 206(a)(1) of the federal Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., in effect at the time the earnings are payable, whichever is less.

By way of contemporaneous mailing to the Defendant, the following notice is also confirmed by be provided thereto:

720599

NOTICE OF EXECUTION/GARNISHMENT

YOUR PROPERTY IS BEING ATTACHED OR GARNISHED, AND/OR
YOUR WAGES ARE BEING GARNISHED

Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa., alleges that you owe the plaintiff money. The plaintiff has begun the procedure to collect that money. To secure satisfaction of judgment, the court has ordered the garnishment of your wages, bank account or other personal property held by third persons or the taking of money or other property in your possession.

Certain benefits and property owned by you may be exempt from execution and may not be taken from you. The following is a partial list of exemptions:

1. Payments received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.

2. Payments for benefits or the return of contributions under the Public Employees' Retirement System.

3. Payments for public assistance granted through the Division of Welfare and Supportive Services of the Department of Health and Human Services or a local governmental entity.

4. Proceeds from a policy of life insurance.

5. Payments of benefits under a program of industrial insurance.

6. Payments received as disability, illness or unemployment benefits.

7. Payments received as unemployment compensation.

8. Veteran's benefits.

9. A homestead in a dwelling or a mobile home, including, subject to the provisions of NRS 115.055, the proceeds from the sale of such property, not to exceed $605,000, unless:

(a) The judgment is for a medical bill, in which case all of the primary dwelling, including a mobile or manufactured home, may be exempt.

(b) Allodial title has been established and not relinquished for the dwelling or mobile home, in which case all of the dwelling or mobile home and its appurtenances are exempt, including the land on which they are located, unless a valid waiver executed pursuant to NRS 115.010 is applicable to the judgment.

10. All money reasonably deposited with a landlord by you to secure an agreement to rent or lease a dwelling that is used by you as your primary residence, except that such money is not exempt with respect to a landlord or the landlord's successor in interest who seeks to enforce the terms of the agreement to rent or lease the dwelling.

11. A vehicle, if your equity in the vehicle is less than $15,000.

12. Eighty-two percent of the take-home pay for any workweek if your gross weekly salary or wage on the date the most recent writ of garnishment was issued was $770 or less, or seventy-five percent of the take-home pay for any workweek if your gross weekly salary or wage on the date the most recent writ of garnishment was issued exceeded $770, unless the weekly take-home pay is less than 50 times the federal minimum hourly wage, in which case the entire amount may be exempt.

13. Money, not to exceed $500,000 in present value, held in:

(a) An individual retirement arrangement which conforms with the applicable limitations and requirements of section 408 or 408A of the Internal Revenue Code, 26 U.S.C. §§ 408 and 408A;

(b) A written simplified employee pension plan which conforms with the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408;

(c) A cash or deferred arrangement that is a qualified plan pursuant to the Internal Revenue Code;

(d) A trust forming part of a stock bonus, pension or profit-sharing plan that is a qualified plan pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. §§ 401 et seq.; and

(e) A trust forming part of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to chapter 353B of NRS and section 529 of the Internal Revenue Code, 26 U.S.C. § 529, unless the money is deposited after the entry of a judgment against the purchaser or account owner or the money will not be used by any beneficiary to attend a college or university.

720599

14. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support, education and maintenance of a child, whether collected by the judgment debtor or the State.

15. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearages in the payment of such support and maintenance to which the former spouse may be entitled.

16. Regardless of whether a trust contains a spendthrift provision:
   (a) A present or future interest in the income or principal of a trust that is a contingent interest, if the interest has not been satisfied or removed;
   (b) A present or future interest in the income or principal of a trust for which discretionary power is held by a trustee to determine whether to make a distribution from the trust, if the interest has not been distributed from the trust;
   (c) The power to direct dispositions of property in the trust, other than such a power held by a trustee to distribute property to a beneficiary of the trust;
   (d) Certain powers held by a trust protector or certain other persons; and
   (e) Any power held by the person who created the trust.

17. If a trust contains a spendthrift provision:
   (a) A present or future interest in the income or principal of a trust that is a mandatory interest in which the trustee does not have discretion concerning whether to make the distribution from the trust, if the interest has not been distributed from the trust; and
   (b) A present or future interest in the income or principal of a trust that is a support interest in which the standard for distribution may be interpreted by the trustee or a court, if the interest has not been distributed from the trust.

18. A vehicle for use by you or your dependent which is specially equipped or modified to provide mobility for a person with a permanent disability.

19. A prosthesis or any equipment prescribed by a physician or dentist for you or your dependent.

20. Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

21. Payments received as compensation for the wrongful death of a person upon whom the judgment debtor was dependent at the time of the wrongful death, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

22. Payments received as compensation for the loss of future earnings of the judgment debtor or of a person upon whom the judgment debtor is dependent at the time the payment is received, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

23. Payments received as restitution for a criminal act.

24. Personal property, not to exceed $1,000 in total value, if the property is not otherwise exempt from execution.

25. A tax refund received from the earned income credit provided by federal law or a similar state law.

26. Stock of a corporation described in subsection 2 of NRS 78.746 except as set forth in that section.

↪ These exemptions may not apply in certain cases such as proceedings to enforce a judgment for support of a child or a judgment of foreclosure on a mechanic's lien. You should consult an attorney immediately to assist you in determining whether your property or money is exempt from execution. If you cannot afford an attorney, you may be eligible for assistance through Nevada Legal Aid. If you do not wish to consult an attorney or receive legal services from an organization that provides assistance to persons who qualify, you may obtain the form to be used to claim an exemption from the clerk of the court.

PROCEDURE FOR CLAIMING EXEMPT PROPERTY

If you believe that the money or property taken from you is exempt or necessary for the support of you or your family, you must file with the clerk of the court on a form provided by the clerk an executed claim of exemption. A copy of the claim of exemption must be served upon the sheriff,

the garnishee and the judgment creditor within 10 days after the notice of execution or garnishment is served on you by mail pursuant to NRS 21.076 which identifies the specific property that is being levied on. The property must be released by the garnishee or the sheriff within 9 judicial days after you serve the claim of exemption upon the sheriff, garnishee and judgment creditor, unless the sheriff or garnishee receives a copy of an objection to the claim of exemption and a notice for a hearing to determine the issue of exemption. If this happens, a hearing will be held to determine whether the property or money is exempt. The objection to the claim of exemption and notice for the hearing to determine the issue of exemption must be filed within 8 judicial days after the claim of exemption is served on the judgment creditor by mail or in person and served on the judgment debtor, the sheriff and any garnishee not less than 5 judicial days before the date set for the hearing. The hearing must be held within 7 judicial days after the objection to the claim of exemption and notice for a hearing is filed. You may be able to have your property released more quickly if you mail to the judgment creditor or the attorney of the judgment creditor written proof that the property is exempt. Such proof may include, without limitation, a letter from the government, an annual statement from a pension fund, receipts for payment, copies of checks, records from financial institutions or any other document which demonstrates that the money in your account is exempt.

IF YOU DO NOT FILE THE EXECUTED CLAIM OF EXEMPTION WITHIN THE TIME SPECIFIED, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE JUDGMENT CREDITOR, EVEN IF THE PROPERTY OR MONEY IS EXEMPT.

If you received this notice with a notice of a hearing for attachment and you believe that the money or property which would be taken from you by a writ of attachment is exempt or necessary for the support of you or your family, you are entitled to describe to the court at the hearing why you believe your property is exempt. You may also file a motion with the court for a discharge of the writ of attachment. You may make that motion any time before trial. A hearing will be held on that motion.

IF YOU DO NOT FILE THE MOTION BEFORE THE TRIAL, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE PLAINTIFF, EVEN IF THE PROPERTY OR MONEY IS EXEMPT OR NECESSARY FOR THE SUPPORT OF YOU OR YOUR FAMILY.

**YOU ARE FURTHER REQUIRED** to serve a copy of your answers to the Writ of Garnishment on Plaintiff's attorney whose address appears below. Any garnishment checks to be issued are to be made payable to Koeller, Nebeker, Carlson & Haluck, LLP, and are to be mailed to 300 South 4th Street, Suite 500, Las Vegas, NV 89101.

Issued as direction of:

/s/ Andrew C. Green
Andrew C. Green, Esq.
Nevada Bar No. 9399
KOELLER, NEBEKER, CARLSON
  & HALUCK, LLP
300 S. 4th Street, Suite 500
Las Vegas, NV 89101

Date: 9/20/2023



CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

  The undersigned being duly sworn states that I received the within Writ of Garnishment on the _____ day of _____, 2023 and personally served the same on the _____ day of _____, 2023, by showing the original WRIT OF GARNISHMENT, informing of the contents and delivering and leaving a copy, along with the statutory fee of $5.00, with _____ at _____ _____County of Clark, State of Nevada_

                By:_____
                     Title

**INTERROGATORIES TO BE ANSWERED BY THE GARNISHEE UNDER OATH:**

  1. Are you in any manner indebted to the Defendant, Natasha Shelton, either in accounts, property or money, and is the debt now due or otherwise due upon demand? If not due, when is the debt to become due? State fully all particulars.

Answer: _____

  2. Are you an employer of the defendant? If so, state the length of your pay period and the amount each defendant presently earns during a pay period.

Answer: _____

  3. If you are an employer of Defendant:
    State the length of your pay period and the amount of disposable earnings, as defined in NRS 31.295, that each defendant presently earns during a pay period.

Answer: _____
    State the minimum amount of disposable earnings that is exempt from this garnishment, which is the federal minimum hourly wage prescribed by section 206(a)(1) of the federal Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., in effect at the time the earnings are payable multiplied by 50 for each week of the pay period, after deducting any amount required by law to be withheld.

Answer: _____
    Calculate the garnishable amount as follows:
    (Check one of the following) The employee is paid:
    [A] Weekly: __ [B] Biweekly: __ [C] Semimonthly: __ [D] Monthly: __
     (1) Gross Earnings $_____
     (2) Deductions required by law (not including child support) $_____
     (3) Disposable Earnings [Subtract line 2 from line 1] $_____
     (4) Federal Minimum Wage $_____
     (5) Multiply line 4 by $_____
     (6) Complete the following directions in accordance with the letter selected above:

720599

        [A] Multiply line 5 by 1 $_____
        [B] Multiply line 5 by 2 $_____
        [C] Multiply line 5 by 52 and then divide by 24 $_____
        [D] Multiply line 5 by 52 and then divide by 12 $_____
    (7) Subtract line 6 from line 3 $_____

This is the attachable earnings. This amount must not exceed 18% of the disposable earnings from line 3 if the employee's gross weekly salary or wage on the date the most recent writ of garnishment was issued was $770 or less, or 25% of the disposable earnings from line 3 if the employee's gross weekly salary or wage on the date the most recent writ of garnishment was issued exceeded $770.

Answer: _____
_____

What is the gross weekly salary or wage of the employee? The gross weekly salary or wage of an employee must be determined as follows:

    1. Except as otherwise provided in numbers 2 and 3 below, by dividing the employee's gross earnings for the current calendar year as of the date the most recent writ of garnishment was issued by the total number of weeks the employee has worked in the current calendar year.

    2. If the most recent writ of garnishment was issued at the beginning of the current calendar year before the employee received any earnings in the current calendar year, but the employee received earnings in the previous calendar year, by dividing the employee's gross earnings for the previous calendar year by the total number of weeks the employee worked in the previous calendar year.

    3. If the employee has not been employed long enough to have been paid as of the date the most recent writ of garnishment was issued, or if the provisions of number 1 or 2 above do not otherwise apply, the gross weekly salary or wage of the employee is the anticipated gross weekly earnings of the employee as determined by his or her employer.

For the purpose of determining the total number of weeks the employee has worked in the current calendar year or the total number of weeks the employee worked in the previous calendar year, as applicable, if the total number of weeks is not exact, the number must be rounded down if the number of days the employee was on the payroll of his or her employer in excess of a whole week is 3 days or less, and rounded up if the number of days the employee was on the payroll of his or her employer in excess of a whole week is 4 days or more.

Answer: _____

4.    Did you have in your possession, in your charge or under your control, on the date the WRIT OF GARNISHMENT was served upon you any money, property, effects, goods, chattels, rights, credits or choses in action of the Defendant, or in which Defendant is interested? If so, state its value and state fully all particulars.

Answer: _____

///

///

720599

5. Do you know of any debts owing to the Defendant, whether due or not due, or any money, property, effects, goods, chattels, rights credits or choses in action, belonging to the Defendant, or in which Defendant is interested, and now in the possession or under the control of others? If so, state particulars.

Answer: _____

6. State your correct name and address, or the name and address of you attorney upon whom written notice of further proceedings in this action may be served.

Answer: _____

7. Are you a financial institution with a personal account held by one or all of the defendants? If so, state the account number and the amount of money in the account which is subject to garnishment. As set forth in NRS 21.105, $2,000 or the entire amount in the account, whichever is less, is not subject to garnishment if the financial institution reasonably identifies that an electronic deposit of money has been made into the account within the immediately preceding 45 days which is exempt from execution, including, without limitation, payments of money described in NRS 21.105 or, if no such deposit has been made, $400 or the entire amount in the account, whichever is less, is not subject to garnishment, unless the garnishment is for the recovery of money owed for the support of any person. The amount which is not subject to garnishment does not apply to each account of the judgment debtor, but rather is an aggregate amount that is not subject to garnishment.

Answer: _____

///

///

///

///

///

///

///

///

///

///

///

///

///

720599

8. **NOTE**: If an employer, without legal justification, refuses to withhold the earnings of a defendant demanded in a WRIT OF GARNISHMENT or knowingly misrepresents the earnings of the Defendant, the Court shall order the employee to pay the Plaintiff the amount of arrearages caused by the employer's refusal to withhold or his misrepresentation of the defendant's earnings. In addition, the Court may order the employer to pay the Plaintiff punitive damages in an amount not to exceed $1,000.00 for each pay period in which the employer has, without legal justification, refused to withhold the defendant's earnings or has misrepresented the earnings. N.R.S. Chapter #31.

_____
Garnishee

STATE OF NEVADA    )
                   ) ss.
COUNTY OF CLARK    )

I, _____, do solemnly swear (or affirm) that the answers to the foregoing Interrogatories subscribed by me are true.

_____
Garnishee

SUBSCRIBED AND SWORN to before me this

_____ day of _____, 2023.

_____
Notary Public

720599