UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA,<br><br>                    Plaintiff<br><br>v.<br><br>Tyrone Williams,<br><br>                    Defendant | Case No. 2:22-cv-00382-CDS-NJK<br><br>**Order Granting Motion to Vacate Default Judgment Entered Against Defendant Tyrone Williams**<br><br>[ECF No. 44] |

On March 1, 2022, plaintiff National Union Fire Insurance Company of Pittsburgh, PA (National Union) filed a complaint against defendants DP Motor-Cars, LLC, Dedicated Parts Group, LLC, Dedicated Parts, LLC, Jaide Jeter, Just J Customs, LLC, Aundrea Scott, Natasha Shelton, and Tyrone Williams. Compl., ECF No. 1. As relevant here, defendant Tyrone Williams was served with the complaint on May 26, 2022. ECF No. 12. Williams did not file an answer, nor any other responsive pleading, within the time period prescribed by Rule 12 of the Federal Rule of Civil Procedure, so National Union obtained a default judgment against him. J., ECF No. 35. Tyrone Williams has filed a motion to vacate the default judgment. Mot., ECF No. 44. National Union opposes the motion. Opp'n, ECF No. 45. This motion is now fully briefed. Reply, ECF No. 46. For the reasons set forth herein, I grant Williams' motion to vacate the default judgment entered against him.

**I.    Summary of the allegations**

The allegations in the complaint arise from an alleged fraudulent scheme that took place between January 2018 and March 2019 involving the submission of fraudulent automobile repair slips on vehicles that did not need repairs or new parts. *See generally* ECF No. 1. The vendors that submitted the requests for the unneeded alleged repairs were not legitimate. ECF No. 1 at 4. No repair work was completed on the vehicles, but fraudulent payment invoices for repair work

were nonetheless created by Williams and others. *Id.* Williams and others then allegedly sent the invoices to AutoSource for payment. *Id.* Based on the fraudulent invoices, AutoSource issued payments totaling $1,861,929.38 to the illegitimate vendors. *Id.*

National Union initiated this action on March 1, 2022. ECF No. 1. Summons were issued the following day for all defendants, including Williams. Proposed summons, ECF No. 3. William's summons was executed on May 25, 2022. Executed Summons, ECF No. 12. Williams did not file an answer or any other responsive pleading.

On August 18, 2022, National Union filed a motion for entry of clerk's default pursuant to Rule 55(a) against Williams (ECF No. 21), which was granted and entered on August 30, 2022 (Clerk's default, ECF No. 27). Under Rule 55(b)(1), National Union filed a motion for default judgment (ECF No. 30), which went unopposed. As a result, the motion was granted, and default judgment was issued on November 7, 2022. Final j., ECF No. 35.

On March 8, 2024, Williams filed the instant motion to set the default judgment aside, arguing that he is the victim of identity theft and was not the individual identified as "Tyrone Williams" who was part of the fraudulent scheme set forth in the complaint. *See* Mot. to vacate, ECF No. 44. Thus, Williams argues that both the interests of justice and good cause demonstrate the default judgment issued against him be set aside. *Id.* National Union opposes the motion, arguing that Williams' motion is untimely, that more than a year has passed since default was granted so the judgment should stand, and that Williams fails to meet the standard showing default should be set aside. Opp'n, ECF No. 45.

**II.     Legal standard**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *Franchise Holding II, LLC. v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.

2

2001)). To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations marks omitted); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). This three-part test is disjunctive, so a finding that the plaintiff will be prejudiced, *or* that the defendant lacks a meritorious defense, *or* that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)) (emphasis in original). The movant carries the burden of proving he is entitled to relief. *See id.* at 1415.

### III.     Discussion

Williams acknowledges that he should have, but failed to, respond to the complaint filed against him in this action. ECF No. 44 at 5. He asserts that his failure to do so is due to his lack of sophistication. *Id.* Williams nonetheless argues that he shows there is good cause to vacate the judgment, namely that he is simply not the person who committed the criminal conduct that gives rise to this action but rather that he was the victim of identity theft. *Id.* at 5–6. In support of his argument, Williams provides a copy of the register of actions in the criminal action brought against him by the Clark County District Attorney's Office (CCDA) for the same underlying conduct that gives rise to this action showing the case was dismissed (Def.'s Ex. A, ECF No. 44-1); a letter dated March 17, 2023 from the North Carolina Department of Adult Corrections stating Williams has been an employee at a prison facility in North Carolina since 2012 and timesheets from that facility (Def.'s Ex. D, ECF No. 44-4); a letter dated March 16, 2020 from the Internal Revenue Service (IRS) verifying his claim of identity theft (Def.'s Ex. E, ECF No. 44-5); and a police report filed by Williams regarding fraudulent transactions from his bank account (Def.'s Ex. F, ECF No. 44-6). Williams also provided a copy of the transcript from

3

the proceeding where the CCDA prosecutor dismissed the charges against Williams. Def.'s Ex B, ECF No. 44-2. The prosecutor stated the following:

> We were able to confirm that Tyrone Williams, the person listed in this Complaint, has an alibi for the timeline during these crimes. He lived in North Carolina at all times relevant to this case. We were able to confirm that the person masquerading as Tyrone Williams was spending money in Nevada, while the real Tyrone Williams was simultaneously spending money in North Carolina. We believe that Tyrone Williams, the person listed in that Complaint, is the victim of identity theft, and we will, when we can identify the true perpetrator of the crime, refile the case, but at this time the State's requesting the Court to dismiss this case with prejudice against Mr. Williams.

*Id.* at 3.

National Union argues that the information provided by Williams is insufficient to support setting the default aside, that he fails to address the relevant factors when seeking to set aside a default, and that Williams' decision to wait almost two years to file this motion "requires" that this court deny his motion. *See* ECF No. 45 at 3. National Union further argues that Williams was aware of this case and that he had ample time to defend against it but failed to do so, which constitutes culpable conduct, meaning he cannot now claim there is good cause to set the default aside. *Id.*

National Union correctly argues that Williams engaged in culpable conduct that ultimately led to the default judgment against him. He *knew* of this action yet failed to take any steps to defend against it. *See* Returned Williams' summons, ECF No. 12. But as the Ninth Circuit has explained, "in this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (internal citations omitted). An important part of the consideration when evaluating culpability is the person's legal sophistication. *Id.* at 1091 (finding the district court erred when it held a layperson to the same standard as a

4

sophisticated person that has the benefit of legal representation). There is no evidence before the court that Williams is a particularly sophisticated person. Rather, the record shows that Williams found himself in a legal conundrum: he was facing both criminal charges and this civil action from the alleged fraudulent scheme, all while he was trying to resolve being the victim of identity theft that led to him being named as a defendant in both actions.[1] Given this situation, the court cannot find that Williams acted in bad faith in failing to defend himself in this action. Thus, this factor weighs in favor of setting aside the default judgment.

Further, the information provided by Williams supports that he has a meritorious defense. From the letter from the IRS showing he reported the identity theft two years before this action was even initiated to the fact that the CCDA dismissed the case against Williams after verifying his alibi, the record supports that Williams has a viable defense: that he is not the individual who committed the offenses set forth in the complaint. This is far more than a general denial in support of his motion. *See Franchise Holding II, LLC*, 375 F.3d at 926 (a "mere general denial" that has no other accompanying facts is insufficient to justify vacating a default"). Accordingly, this factor also weighs in favor of setting aside the default judgment.

The final factor to consider when evaluating motions to set aside a default judgment is prejudice to the plaintiff. National Union is highly likely to suffer prejudice if default judgment is set aside. It is unclear if National Union will be able to identify the person using Williams' identity, or if they can overcome his alibi. Either way, it could make recovery against the person identified as "Tyrone Williams" difficult, if not impossible. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("prejudice" exists where the plaintiff has no

---

[1] The court also notes that the pending criminal charges further complicated Williams' ability participate in this action. *See Keating v. Off. of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) (discussing what a court should consider when evaluating the request of a stay of a civil case pending the outcome of a criminal case, to include consideration of a defendant's Fifth Amendment rights). Certainly, Williams could have filed a motion to stay pending resolution of his criminal case, but again, there is nothing to suggest that Williams was legally sophisticated and would know to file such a motion. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (defendant was "a lawyer, presumably . . . well aware of the dangers of ignoring service of process").

"recourse for recovery" other than default judgment). This factor weighs against granting Williams' motion to vacate the default judgment.

The Ninth Circuit has made clear that "judgment by default is a drastic step appropriate only in extreme circumstances[.]" *Falk*, 739 F.2d at 463. "The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (internal citations and quotation marks omitted). Given the information before the court, this case does not present the extreme circumstances that warrant default judgment against Williams, and there is doubt that default is not warranted here. Indeed, the first two factors weighing in favor of granting Williams' motion far outweigh the third factor that weighs against it. Williams' failure to respond to the complaint does not sufficiently establish culpable conduct under the law and he presents a potentially meritorious defense. Thus, although this motion was made over year after default was granted, Williams has demonstrated "good cause" to set it aside, so his motion to set default judgment aside is granted.

## V. Conclusion

IT IS HEREBY ORDERED that defendant Tyrone Williams' motion to set aside default judgment **[ECF No. 44] is GRANTED**. The clerk's entry of default (ECF No. 27) and the default judgment as to Tyrone Williams (ECF No. 35) are VACATED.

IT IS FURTHER ORDERED that Williams must file an answer or other responsive pleading to the complaint by October 30, 2024. Should Williams not timely file a responsive pleading, National Union may file a new request for default against Williams.

Dated: October 9, 2024

_____
Cristina D. Silva
United States District Judge